**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mahmoud Dakowa,

       Plaintiff,

  v.

MSW Capital, LLC and Messerli
& Kramer, P.A.,

       Defendants.

**MEMORANDUM OPINION**
**AND ORDER**
Civil No. 16-2753 ADM/FLN

___

Darren B. Schwiebert, Esq., DBS Law LLC, Minneapolis, MN, on behalf of Plaintiff.

Derrick N. Weber, Esq., Messerli & Kramer, P.A., Plymouth, MN, on behalf of Defendants.

___

**I. INTRODUCTION**

On December 21, 2016, the undersigned United States District Judge heard oral argument on Defendants MSW Capital, LLC ("MSW") and Messerli & Kramer, P.A.'s ("M&K") (collectively, "Defendants") Motion to Dismiss [Docket No. 8]. Plaintiff Mahmoud Dakowa ("Dakowa") opposes the motion. For the reasons set forth below, the Motion is granted in part and denied in part.

**II. BACKGROUND**[1]

This lawsuit concerns credit card debt incurred by Dakowa that Defendants were engaged to collect. Dakowa's debt arose from his credit card contract with Credit One Bank. Compl. [Docket No. 1] ¶ 7. On October 9, 2011, Credit One Bank charged off the $649.25 balance

___

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Dakowa owed.  Id. ¶¶ 8–9.  Following the charge-off, Dakowa no longer received periodic statements reflecting the accumulation of interest on the debt.  Id. ¶ 10.

On March 16, 2015, MSW, represented by M&K, served Dakowa with a state court summons and complaint.  Weber Decl. [Docket No. 10] Ex. A.[2]  The state court complaint alleges that MSW now owns the account, and that Dakowa owes the principal balance of $649.25 as well as $511.85 in interest from November 21, 2011 through March 10, 2015, plus continuing interest on the balance at the rate of 23.90% per annum.  Id.  The complaint also includes a "Cardholder Agreement" that Dakowa avers Defendants impliedly represents to be the agreement governing his account  Id.; Compl. ¶ 24.

Dakowa answered the state court complaint on March 30, 2015.  He denied the allegations but agreed that Credit One Bank issued him credit.  See id. Ex. C.  On April 20, 2015, MSW served Dakowa with Rule 26 disclosures.  Id. Ex. D.  Like the complaint, the disclosures claim that Dakowa owes principal and interest.  Id.  The same Cardholder Agreement that was attached to the complaint was also included in the Rule 26 disclosures.  Id.  Three affidavits generally describing Credit One Bank's procedures for selling accounts in default were also attached.  Id.

On August 25, 2015, MSW served upon Dakowa "Plaintiff's First Set of Interlocking Discovery."  Compl. ¶ 13; Weber Decl. Ex. E.  In its request for admissions, MSW asks Dakowa

---

[2] When considering a Rule 12 motion, the court generally must ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint." Thunander v. Uponor, Inc., 887 F. Supp. 2d 850, 859 n.1 (D. Minn. 2012) (citing Mo. ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999), cert. denied, 527 U.S. 1039 (1999)).  Therefore, the state court complaint, answer, Rule 26 disclosures, discovery, and summary judgment filings and order will be considered at this procedural posture.

to admit that an attached Cardholder Agreement is a copy of the terms and conditions governing his account. Weber Decl. Ex. E. The attached Cardholder Agreement is the same Cardholder Agreement included with the complaint and Rule 26 disclosures. MSW also asked Dakowa to admit that an attached Bill of Sale and Assignment transferred his account from Capital One Bank to MSW. Id. The Bill of Sale and Assignment refers to the same three affidavits that were included with the Rule 26 disclosures. Id.

Dakowa did not timely answer the requests for admission. Compl. ¶ 32. On January 11, 2016, Defendants filed the collections action in Anoka County, Minnesota district court.[3] Id. ¶ 22; Weber Decl. Ex. F. The complaint filed is identical to the complaint served on Dakowa on March 16, 2015, and included the same Cardholder Agreement. Id.

In February 2016, Dakowa made a $400 payment on the account. Id. ¶ 30. On June 30, 2016, Defendants moved for summary judgment in state court. Id. ¶ 31; Weber Decl. Ex. G. In its summary judgment memorandum, Defendants state that "there remains an outstanding principal balance due and owing of $649.25, plus accrued interest" and that "Credit One Bank, N.A. assigned the Account to Plaintiff." Compl. ¶¶ 33–34. The proposed findings Defendants submitted provide for an award of interest at 23.90% per annum dating back to November 2011. Id. ¶ 35.

On October 27, 2016, Judge Jonathan N. Jasper denied Defendants' motion for summary judgment. Schwiebert Aff. [Docket No. 15] Ex. A. In denying the motion, Judge Jasper identified five questions of material fact precluding summary judgment. Id. at 7. Judge Jasper

---

[3] In Minnesota, an action is commenced when the summons and complaint are served upon the defendant. Minn. R. Civ. P. 3.10. To be timely, the lawsuit must be filed with the court within one year after the action is commenced. Id. 5.04.

also concluded that Dakowa's failure to timely respond to Defendants' requests for admission was not in bad faith but was a mistake by an unsophisticated party. Id. at 6.

On August 16, 2016, Dakowa filed this federal action alleging five violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Dakowa's five claims are based on the August 25, 2015 "Interlocking Discovery," the January 11, 2016 complaint filed in Anoka County District Court, and the June 30, 2016 motion for summary judgment. Two of the five alleged violations relate to the "Interlocking Discovery:" 1) the instructions and definitions were deceptive, misleading, oppressive, unfair, and unconscionable, and 2) were designed to mislead by seeking admissions to things that Dakowa either could not possibly know or were false. Compl. ¶¶ 14, 19–21. Two other violations relate to the state court complaint: 3) Defendants misrepresented the authenticity of the terms and conditions of Dakowa's account, and 4) improperly sought an interest award that had been waived. Id. ¶¶ 23–29. Finally, in its summary judgment memorandum, Dakowa alleges that Defendants 5) misstated the outstanding principal balance due. Id. ¶ 33.

Defendants have moved to dismiss the Complaint in its entirety. Defendants argue that Dakowa's claims are subject to the FDCPA's one-year statute of limitations. Defendants also argue that Dakowa's claims relating to litigation do not state a plausible claim that entitles him to relief.

### III.  DISCUSSION

**A.  Motion to Dismiss Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must

contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. The FDCPA**

The FDCPA "prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (quotations omitted, alteration in original). "The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, . . . and debt collectors are liable for failure to comply with any provision of the Act." Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1000 (8th Cir. 2011) (quotations omitted, ellipsis in original).

**C. Statute of Limitations**

Defendants argue that all of Dakowa's claims are barred by the FDCPA's one-year statute of limitations. According to Defendants, because Dakowa received notice of these alleged FDCPA violations over one year before commencing his federal action, his claims are time-barred. Dakowa disagrees that his claims are untimely, arguing that each of the alleged FDCPA violations are discrete acts that occurred within one year of the August 16, 2016 filing date.

The FDCPA states that any action to enforce any liability created by the Act must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In the Eighth Circuit, the statute of limitations is triggered when the debt collector had "its last opportunity to comply with the FDCPA." Mattson v. U.S. W. Commc'ns, Inc., 967 F.2d 259, 261 (8th Cir. 1992). There are diverging theories among the circuits about how the one-year limitations period is applied. While the Eighth Circuit has not explicitly weighed in on the issue, district courts within this circuit have held that, while each new communication brings a fresh statute of limitations period for the claim, "[n]ew communications . . . concerning an old claim [do] not start of new period of limitations." Nutter v. Messerli & Kramer, P.A., 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007) (quotation and citation omitted). Applying this language, courts in this district have dismissed FDCPA suits when the plaintiff first learned of the alleged violation outside of the limitations period, even though new communications concerning the unlawful act were made within the limitations period. See, e.g., Fraenkel v. Messerli & Kramer, P.A., No. 04-1072, 2004 WL 1765309, at *4 (D. Minn. July 29, 2004); Kirscher v. Messerli & Kramer, P.A., No. 05-1901, 2006 WL 145162, at *4–5 (D. Minn. Jan. 18, 2006).

Dakowa resists this line of reasoning by citing Arvie v. Dodeka, LLC, No. 09-1076, 2010 WL 4312907, at *7–11 (S.D. Tex. Oct. 25, 2010). In Arvie, the FDCPA plaintiff received collection phone calls and letters on May 4, 2007, May 15, 2007, August 18, 2008, and September 11, 2008. Id. at *2. A state court suit seeking to collect was filed against the plaintiff on November 24, 2008, and process was served on December 13, 2008. Id. at *3. The plaintiff filed his FDCPA lawsuit on April 10, 2009. Id. Defendants moved for summary judgment, arguing, like Defendants here, that the FDCPA violations alleged within one year of the filing of the lawsuit were nevertheless time-barred because they were related to the same collection

efforts and debt that was the subject of a communication made outside the limitations period. Id. at *6. In concluding that certain of plaintiff's claims were actionable, Arvie held that "'[f]or statute-of-limitations purposes, discrete violations of the FDCPA should be analyzed on an individual basis.'" Id. at *9 (quoting Solomon v. HSBC Mortg. Corp., 395 F. App'x 494, 497 (10th Cir. 2010)). Arvie noted that "Fraenkel—and other similar cases— cited Sierra, which explicitly distinguished the facts presented from a case 'where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred.'" Id. at *10 (quoting Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999)). Since the plaintiff in Arvie had alleged such a case—"a series of letters, only some of which are time-barred," the FDCPA violations occurring within the limitations period were not barred simply because the FDCPA was allegedly violated over one year prior. Id.

Whether an act is a "discrete violation" or the "later effects of an earlier time-barred violation" has also been the subject of litigation. Slorp v. Lerner Sampson & Rothfuss, 587 F. App'x 249, 259 (6th Cir. 2014) (citing Purnell v. Arrow Fin. Servs., LLC, 303 F. App'x 297, 302 (6th Cir. 2008). The FDCPA plaintiff in Slorp alleged a series of unfair debt collection practices concerning the validity of a mortgage assignment in a state-court foreclosure action. Id. at 251. While the foreclosure action was initiated more than one year from when the FDCPA case was commenced, the plaintiff argued that the defendants committed fresh violations of the FDCPA when they reaffirmed the legitimacy of the assignment in pleadings and memoranda that were filed within one year of the FDCPA action. Id. at 259. The Sixth Circuit held that a new FDCPA violation was not committed because the pleadings and memoranda were "the continuing effects of their initial violation," and that the plaintiff "was not deceived or abused anew each time the defendants reaffirmed their deceptive statements throughout the litigation."

Id.; see also Smith v. Lerner, Sampson & Rothfuss, L.P.A., 658 F. App'x 268, 273 (6th Cir. 2016) (citing Slorp and holding that FDCPA violations did not occur anew when the defendant asserted the same allegedly fraudulent mortgage interest throughout a state court action).

The rule in Slorp will be applied to each of the five FDCPA violations alleged in this case.

### 1. Interest and Terms and Conditions

When Dakowa was served with the state court complaint on March 16, 2015, his claims relating to the interest and the terms and conditions began accruing.[4] Defendants' reaffirmation of these statements in later court documents within the limitations period does not make these claims timely because "it merely gave 'present effect' to deceptive conduct that had occurred outside the limitations window." Slorp, 587 F. App'x at 259. As was true with the plaintiff in Slorp, Dakowa was not deceived or abused anew each time Defendants repeated these alleged deceptive statements throughout the litigation. Because the statute of limitations for these claims began running over one year before the filing date of this lawsuit, they are time-barred.

### 2. "Interlocking Discovery"

Dakowa's two claims relating to the August 25, 2015 "Interlocking Discovery" are not barred by the statute of limitations. First, Dakowa alleges that the discovery itself was confusing and misleading. Contrary to Defendants' argument, that allegation does not relate back to assertions made in the March 16, 2015 state court complaint, or implicate the "present effect"

---

[4] While the state court complaint did not explicitly claim that the attached Cardholder Agreement reflected the terms and conditions governing Dakowa's account with Capital One Bank, Dakowa avers in his FDCPA Complaint, that Defendants "impliedly represented" in their state court complaint that the Cardholder Agreement was "the credit agreement between Credit One Bank and Mr. Dakowa." Compl. ¶ 24. Thus, Dakowa was put on notice of this alleged FDCPA violation when he was first served with the state court complaint on March 16, 2015, more than one year prior to his federal case.

rule articulated in Slorp.  Dakowa alleges that the "Interlocking Discovery" is confusing, misleading, and designed to trick the consumer into admitting things that were false.  This is arguably a discrete FDCPA violation that arose during the limitations period.

For the same reasons, Dakowa's second allegation concerning the "Interlocking Discovery"—that Defendants violated the FDCPA by asking him to admit facts Defendants knew were untrue—also remains live.  This claim alleges that Dakowa was asked to admit that the three affidavits described above were a Bill of Sale and Assignment that transferred his account from Credit One Bank to MSW.  This claim remains live even though the same affidavits were included in the April 20, 2015 Rule 26 disclosures.  Unlike the implicit representation Dakowa avers with respect to the terms and conditions in the Cardholder Agreement, the three affidavits do not impliedly represent that Credit One Bank sold Dakowa's account to MSW.[5]  Therefore, this claim did not accrue until August 25, 2015, when Defendants asked Dakowa to admit that the three affidavits transferred his account to MSW, thereby explicitly representing that the affidavits evinced such an assignment.  Dakowa alleges he was being asked to admit a falsehood because the three affidavits do not show that his account was transferred to MSW.

### 3.  Principal Amount Owed in Summary Judgment Filing

Dakowa's allegation that Defendants misrepresented the principal amount owed in their summary judgment filing is also a discrete act that is not barred by the statute of limitations.  Dakowa alleges that Defendants failed to take into account the $400 payment he made in February 2016.  As with the allegation that the "Interlocking Discovery" was confusing, this claim does not relate to or arise from an alleged FDCPA violation that occurred outside of the

---

[5] Notably, MSW does not appear in any of the three affidavits.

limitations window.  Rather, this claim is premised on the $400 payment made within the limitations period.  Since Dakowa alleges Defendants failed to account for that payment in later legal filings, it is a discrete event occurring within the one-year statute of limitations.

### 4. Conclusion

The Court agrees that two of the five alleged FDCPA violations in this case are barred by the statute of limitations.  Dakowa's claims that Defendants violated the FDCPA by 1) misrepresenting the authenticity of the terms and conditions of his account, and 2) improperly seeking an interest award that had been waived, are dismissed as barred by the FDCPA statute of limitations.

### D.  "Interlocking Discovery"

Defendants argue that Dakowa's claims concerning the August 25, 2015 "Interlocking Discovery" fail as the documents are not misleading or otherwise contrary to the proscriptions of the FDCPA.  Dakowa disagrees, arguing that under the least sophisticated consumer standard, he has plausibly alleged that the discovery was confusing, misleading, oppressive, and designed to trick and mislead a consumer defendant into not responding.  Dakowa also alleges FDCPA liability based on Defendants asking him to admit facts that Defendants knew were false.

The prohibitions of the FDCPA apply to discovery and requests for admission.  See Powers v. Credit Mgmt. Servs., Inc., 776 F.3d 567, 573–74 (8th Cir. 2015).  In evaluating whether a debt collector used a false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of § 1692e, the representation or means must be viewed "through the eyes of the unsophisticated consumer."  Duffy v. Landberg, 215 F.3d 871, 872 (8th Cir. 2000).  "These tests are designed to protect consumers of below average sophistication or intelligence, but they also contain an objective element of reasonableness that

prevents liability for bizarre or idiosyncratic interpretations of collection notices." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002) (citations and quotations omitted). This standard "'ensure[s] that the FDCPA protects all the consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking, and the credulous.'" Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1171 (9th Cir. 2006) (quoting Clomon v. Jackson, 988 F. 2d 1314, 1318–19 (2d Cir. 1993) (alterations and ellipsis in original)).

Dakowa argues that the August 25, 2015 "Interlocking Discovery" violates the FDCPA for two reasons. First, the discovery language is confusing and misleading. Second, the requests for admissions asked Dakowa to falsely admit that the three affidavits evinced a bill of sale and assignment transferring his account from Capital One Bank to MSW.

**1. Confusion**

When viewed through the eyes of an unsophisticated consumer, Dakowa has stated a plausible claim that Defendants' August 25, 2015 "Interlocking Discovery" violates the FDCPA. Three independent reasons, taken cumulatively, lead to this result.

The first reason relates to the words and phrases themselves. The documents served upon Dakowa are oddly captioned "First Set of Interlocking Discovery." "Interlocking Discovery" is not a standard legal term. Rather, it appears to be an attorney-created phrase positioned in the caption of a legal document. Defendants have not articulated a reason for captioning its documents in this unusual way, leaving unrebutted Dakowa's allegation that "Interlocking Discovery" is designed to trick and confuse. Other words and phrases in the "Interlocking Discovery" are seemingly designed to be difficult to follow. One definition, for example, states that "the masculine noun or pronoun should be construed to include the feminine or neuter of the noun or the pronoun as necessary to bring within the scope of the request or interrogatory

11

information which might otherwise be construed to be outside its scope." Compl. ¶ 18. "Document" is defined to include "data processed or generated by computer or other machine including non-identical copies, whether rendered non-identical by reason of notation made on said copies or otherwise."[6] Id. ¶ 16.

Second, when Defendants served these documents on Dakowa, he was unrepresented by counsel. While the definitions and instructions may not have deceived or misled an attorney accustomed to parsing though complex jargon, the lens through which the language must be viewed is that of an "unsophisticated consumer." In Sayyed v. Wolpoff & Abramson, LLP, 733 F. Supp. 2d 635, 642–44 (D. Md. 2010), a consumer made a similar claim, alleging that instructions pertaining to interrogatories were confusing. In that case, however, the consumer was represented, and any erroneous or confusing statements would "have been immediately apparent to even the least competent member of the Maryland bar." Id. at 643. That is not the case here.

Third, on October 27, 2016, Judge Jasper denied Defendants' motion for summary judgment in the state court action. In rejecting Defendants' argument that Dakowa's failure to timely respond to the requests for admission required they be deemed admitted, Judge Jasper accepted Dakowa's attestation that his failure to respond was a mistake not made in bad faith. Judge Jasper additionally stated that Dakowa "was confused both by the unnecessarily complicated instructions and definitions within the Interlocking Discovery." Schwiebert Aff. Ex. 1 at 6. Although, the context in which Judge Jasper's statement was made was not in

---

[6] Defendants argue that because the majority of the verbiage comes directly from the Minnesota Rules of Civil Procedure, such language should not be held to be misleading or confusing. While some of the instructions and definitions utilize language from the Minnesota Rules of Civil Procedure, most do not, including the caption and definitions recited above.

assessing the clarity of the "Interlocking Discovery" documents themselves, it lends support to the plausibility of Dakowa's allegations.

These reasons when combined, permit Dakowa's claim that the "Interlocking Discovery" was confusing and designed to mislead to move forward. This result, however, is not to be interpreted broadly, to be held against debt collectors who employ reasonable discovery means during the course of litigation. The line distinguishing between a plausible and implausible claim alleging FDCPA liability based on confusing and misleading language in discovery is difficult to draw. To be sure, the FDCPA does not require "everything from a debt collector's pen to be in plain language." Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 473 (7th Cir. 2007). But this does not permit a debt collector to employ obfuscatory language designed to confuse and trick an unrepresented consumer. See id. ("A rule against trickery differs from a command to use plain English and write at a sixth-grade level.").

**2. Request to Admit False Information**

Dakowa's argument relating to the three affidavits in Defendants' requests for admission also passes muster at this stage. Nearly the same issue was discussed in McCollough v. Johnson, Rodenberg & Lauinger, 610 F. Supp. 2d 1247, 1255–56 (D. Mont. 2009), where, as here, a pro se defendant was asked in requests for admission to admit information that the defendant knew to be false. In ruling on summary judgment that this violated the FDCPA, the district court stated, "[t]he requests for admission appear to be designed to conclusively establish each element of JRL's case against McCollough and to use the power of the judicial process against a pro se defendant to collect a time-barred debt. This conduct is abusive, unfair and unconscionable." Id. at 1256. Here, in asking Dakowa to affirm that MSW was the debt holder, Defendants were using the judicial process to establish ownership of Dakowa's account, something that Dakowa

disputes.[7]

On appeal, the Ninth Circuit affirmed that holding, concluding "that the service of requests for admission containing false information upon a pro se defendant without an explanation that the requests would be deemed admitted after thirty days constitutes 'unfair or unconscionable' or 'false, deceptive, or misleading' means to collect a debt." McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 952 (9th Cir. 2011). In this case, Defendants inclusion of language explaining the consequences of failing to respond does not mandate dismissal under Rule 12(b)(6). The district court in McCollough ruled that the conduct at issue violated the FDCPA as a matter of law, whereas here, on a Rule 12 motion, the question is limited to whether Dakowa has pled sufficient facts to state a plausible claim.

**E.  Summary Judgment**

Dakowa alleges that Defendants' June 30, 2016 summary judgment pleadings in state court inaccurately state that "there remains an outstanding principal balance due and owing of $649.25, plus accrued interest," and that Dakowa "owes the deficiency balance on the Contract of $649.25." Compl. ¶ 33. Dakowa argues that this violates the FDCPA because it failed to take into account the $400 payment he made in February 2016. Defendants respond that Dakowa's $400 payment was reflected in the affidavit and proposed order filed in support of its motion for summary judgment. Defendants also argue that because Dakowa does not allege he was

---

[7] Defendants cite the recent case of Hill v. Accounts Receivable Services, LLC, and argue that it compels dismissal of Dakowa's claims relating to the "Interlocking Discovery" because Dakowa was not actually deceived by the documents. No. 16-219, 2016 WL 6462119, at *5 (D. Minn. Oct. 31, 2016). This argument is unpersuasive; contrasted with the plaintiff in Hill, who did not claim that he was actually deceived, Dakowa avers in his Complaint that the "Interlocking Discovery" was deceptive. Moreover, the plaintiff in Hill prevailed on the merits in his underlying state court action, further supporting a lack of deception, whereas Dakowa has only defeated Defendants' summary judgment motion.

deceived by the alleged misrepresentation, this violation fails.

In <u>Hemmingsen v. Messerli & Kramer, P.A.</u>, 674 F.3d 814, 819 (8th Cir. 2012), the Eighth Circuit rejected FDCPA claims based on litigation activity because neither the plaintiff nor the state court judge "was misled, deceived, or otherwise duped" by the allegedly deceptive court filings. <u>See also</u> <u>Janson v. Katharyn B. Davis, LLC</u>, 806 F.3d 435, 437–38 (8th Cir. 2015) (citing <u>Hemmingsen</u> and affirming dismissal of FDCPA claims because the plaintiff did not "plausibly allege that he or anyone else was misled by that falsehood"). The same result is warranted here. Dakowa does not allege that he was misled or deceived by the balance listed in Defendants' summary judgment filing. Nowhere in his Complaint does he allege that he was confused by the claim that he "owes the deficiency balance on the Contract of $649.25." Compl. ¶ 33. Rather, Dakowa merely alleges that Defendants misrepresented the amount owed, averring that "[e]ven if MSW Capital and Messerli & Kramer were correct about everything else in this case, the 'principal amount due and owing' would be $249.25, not $649.25." <u>Id.</u> Moreover, Defendants' summary judgment filings did not cause Judge Jasper to be confused about the amount owed. In his order denying summary judgment, Judge Jasper found that Defendants allege they are entitled to judgment in the amount of "649.25 plus 23.90% interest since November 21, 2011 (totaling $739.37), and any costs or disbursements ($675), <u>less a $400 payment</u> for a total of $1,663.62." Schwiebert Aff. Ex. 1 at 1 (emphasis added). Without the required allegation of actual deception, this claim fails. Accordingly, Dakowa's claim that Defendants violated the FDCPA by misstating the amount due in summary judgment filings in state court is dismissed.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendants MSW Capital, LLC and Messerli & Kramer, P.A.'s Motion to Dismiss [Docket No. 8] is **GRANTED IN PART** and **DENIED IN PART**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 17, 2017.