## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mahmoud Dakowa,<br><br>    Plaintiff,<br><br>  v.<br><br>MSW Capital, LLC, and<br>Messerli & Kramer, P.A.,<br><br>    Defendants. | Civil File No. 16-CV-2753-ADM-DTS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL** |

## INTRODUCTION

This motion to compel seeks three things: (1) answers to Interrogatory Nos. 3-7 served upon defendant MSW Capital, LLC ("MSW"); (2) answers to Interrogatory Nos. 3-7 served upon defendant Messerli & Kramer, PA ("Messerli"); and (3) production of unredacted documents previously produced by Defendants.

## BACKGROUND

This case involved claims under the Fair Debt Collection Practices Act.  Mr. Dakowa's allegations arose out of Defendants' collection activity, including a collection lawsuit filed by Defendants against Plaintiff in the Anoka County District Court. [Dckt. No. 1, ¶¶ 22-30] .

In the collection lawsuit, Defendants used unnecessarily confusing

discovery requests, designed not to obtain information from the consumer, but rather to be so impenetrable as to prevent consumers from responding, thus clearing the way for a dispositive motion based on the consumer's failure to respond to the discovery.  *Id.*, ¶¶ 13-21; 31-32.  In addition, through the discovery requests, Defendants violated the FDCPA by seeking admissions as to things that were false.

Defendants moved to dismiss Mr. Dakowa's lawsuit in its entirety. [Dckt. No. 8.]  The Court granted the motion in part, and denied it in part. [Dckt. No. 18.]  The Court held claims based on Defendants' discovery requests were plausible FDCPA claims.  *Id.*

## THE DISCOVERY IN DISUPTE

Plaintiff served its first set of discovery on each Defendant.  The discovery was narrowly tailored to address Defendants' assertion of a *bona fide error* defense and a defense that the FDCPA violations were not "material."

By letter dated April 20, 2017, each Defendant served its answers to Plaintiff's Interrogatory Requests.

**A. MSW's Interrogatory Responses.**

MSW's objections and answers to Interrogatory Nos. 3 – 7 were as follows:

INTERROGATORY NO. 3: Identify the number of times that Defendant has served "Interlocking Discovery" in Minnesota state court in the last 10 years.

**RESPONSE:** Defendant is not a law firm and as such, does not draft nor serve pleadings and discovery. Defendant did not serve any discovery in the past 12 months.  All discovery served on behalf of MSW was served by its counsel.

INTERROGATORY NO. 4: Identify each filed case in state Court in Minnesota that Defendant has served "Interlocking Discovery" in the past 12 months.  Such identification should include the file number and date that the "Interlocking Discovery" was served.

**RESPONSE**: Defendant is not a law firm and as such, does not draft nor serve pleadings and discovery. Defendant did not serve any discovery in the past 12 months.  All discovery served on behalf of MSW was served by its counsel.

INTERROGATORY NO. 5: Identify each case filed in state Court in Minnesota that in the past 12 months that has not resulted in a default judgment and where Defendant has not served "Interlocking Discovery."  Such identification should include the file number.

**OBJECTION:** Plaintiff's question is vague and confusing.

**RESPONSE**:  Defendant is not a law firm and as such, does not draft nor serve pleadings and discovery. Defendant did not serve any discovery in the past 12 months.  All discovery served on behalf of MSW was served by its counsel.

INTERROGATORY NO. 6: Identify each filed case in state Court in Minnesota that has not yet been filed where Defendant has served "Interlocking Discovery" in the past 12 months.  Such identification should include the state court Defendant's name and address and the date that the "Interlocking Discovery" was served.

**OBJECTION:** Plaintiff's question is vague and confusing.

**RESPONSE**: Defendant is not a law firm and as such, does not draft nor serve pleadings and discovery. Defendant did not serve any discovery in the past 12 months.  All discovery served on behalf of MSW was served by its counsel.

INTERROGATORY NO. 7: Identify each case in state Court in Minnesota that has not yet been filed where the Defendant has not served "Interlocking Discovery" in the past 12 months.  Such identification should include the state court Defendant's name and address and the date that the complaint was served.

**OBJECTION:** Plaintiff's question is vague and confusing.

**RESPONSE:** Defendant is not a law firm and as such, does not draft nor serve pleadings and discovery. Defendant did not serve any discovery in the past 12 months.  All discovery served on behalf of MSW was served by its counsel.

Affidavit of Darren Brayer Schwiebert, Ex. A.

Plaintiff sent an email to Mr. Weber, as counsel for MSW, on May 12, 2017, seeking a meet and confer on MSW's responses. *Id.*, Ex. B. By email dated May 15 2015, counsel for MSW responded and requested formal "objections" to the discovery responses. *Id.*, Ex. C.  By letter dated May 31, 2017, Plaintiff provided its individual objections to MSW's responses to each of Interrogatory Nos. 3-7. *Id.*, Ex. D.  No response was received from MSW.

### B. Messerli's Interrogatory Responses.

Messerli's objections and answers to Interrogatory Nos. 3 – 7 were as follows:

<u>INTERROGATORY NO. 3</u>: Identify the number of times that Defendant has served "Interlocking Discovery" in Minnesota state court in the last 10 years.

**OBJECTION**:   Defendant objects to Plaintiff's request as vague, overbroad, and unduly burdensome. Defendant cannot easily identify the exact number of cases over the last 10 years where the Plaintiff [sic] sent discovery, or in doing so Defendant would incur a burden and expense that significantly outweighs any benefit to the Plaintiff. Furthermore, if the Courts [sic] were to determine that the discovery request is not subject to a protective order, Defendant requests that Plaintiff be subject to all fees and costs associated with answering such a request, including attorney time in gathering any and all information related to this request. Defendant further objects that the request is irrelevant. Defendant has admitted that it sent Plaintiff 'Interlocking Discovery' in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. Defendant also objects to disclosing those documents which are subject to attorney client privilege or work product. Defendant further objections [sic] to this request as it calls for information that is confidential or proprietary in nature. Defendant additionally objects to this discovery request as it is interposed for an improper purpose. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163, (10th Cir. N.M. 2010).

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant estimates that it has sent over a thousand discovery requests in which the discovery was interlocking in that the requests for admission, interrogatories and requests for production were sent in one document.  Over the course of these years, a plethora of judges have reviewed Defendant's discovery and either granted judgment or compelled discovery based upon it – conclusively establishing that the discovery sent by Defendant was not confusing or misleading.[1]

---

[1] No Court Orders concluding that the "Interlocking Discovery" is ***not*** "confusing or misleading" has been produced by Messerli in this case. To the contrary, state Court Orders produced by Plaintiff establish cases in
    (footnote continued)

Over the past ten (10) years of using discovery similar to the discovery in this case and while sending discovery on over a thousand cases, Defendant has never received any order, comment or suggestion from the judiciary nor opposing counsel that the discovery used by our office was confusing or misleading.[2]  Judge Jasper's Order in Plaintiff's underlying collection case ruled that Dakowa's allegation that he was confused had to be accepted as true for the purposes of the motion before the court, but did not rule that it was actually confusing.

INTERROGATORY NO. 4: Identify each filed case in state Court in Minnesota that Defendant has served "Interlocking Discovery" in the past 12 months.  Such identification should include the file number and date that the "Interlocking Discovery" was served.

**OBJECTION**:   Defendant objects to Plaintiff's request as vague, overbroad, and unduly burdensome. In attempting to determine every case in which Defendant sent discovery over the past twelve months, Defendant would incur a burden and expense that significantly outweighs any benefit to Plaintiff. Furthermore, if the Courts [sic] were to determine that the discovery request is not subject to a protective order, Defendant requests that Plaintiff be subject to all fees and costs associated with answering such a request, including attorney time in gathering any and all information related to this request. Defendant further objects that the request is irrelevant. Defendant has admitted that it sent Plaintiff 'Interlocking Discovery' in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. Defendant also objects to

---

which the Requests to Admit sought admissions as to things that were false. *See* Dakowa 0101 – 0106, attached to the Affidavit of Darren Brayer Schwiebert, as Ex. E.

[2] This statement was evidently carefully crafted to avoid comments from **_consumers_** as Plaintiff has already produced documents to Messerli containing comments from other confused consumers.  Affidavit of Darren Brayer Schwiebert, Ex. F.  These documents and similar documents are presumably in Messerli's files.

disclosing those documents which are subject to attorney client privilege or work product. Defendant further objections [sic] to this request as it calls for information that is confidential or proprietary in nature. Defendant additionally objects to this discovery request as it is interposed for an improper purpose. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163, (10th Cir. N.M. 2010).

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant estimates that it has sent out hundreds of discovery requests over the past twelve (12) months.  All requests for discovery served were similar to the Discovery served in Plaintiff's case in that that the interrogatories, requests for production and requests for admission were sent in one document.  Over that time summary judgment has been granted by the courts on numerous occasions, on the basis of our discovery documents. Thereby, the courts have conclusively established multiple times that Defendant's discovery was not confusing or misleading over the last twelve months.[3]

INTERROGATORY NO. 5: Identify each case filed in state Court in Minnesota that in the past 12 months that has not resulted in a default judgment and where Defendant has not served "Interlocking Discovery."  Such identification should include the file number.

**OBJECTION**:   Defendant objects to Plaintiff's request as vague, overbroad, and unduly burdensome. In attempting to determine every case in which Defendant did not send discovery over the past twelve (12) months, Defendant would incur a burden and expense that significantly outweighs any benefit to Plaintiff. Furthermore, if

---

[3] No Court Orders concluding that the "Interlocking Discovery" is ***not*** "confusing or misleading" in the past twelve months has been produced by Messerli in this case. To the contrary, state Court Orders produced by Plaintiff establish other cases during that time period in which the Requests to Admit sought admissions as to things that were false. *See* Dakowa 0101 – 0106, attached to the Affidavit of Darren Brayer Schwiebert, as Ex. E.

the Courts [sic] were to determine that the discovery request is not subject to a protective order, Defendant requests that Plaintiff be subject to all fees and costs associated with answering such a request, including attorney time in gathering any and all information related to this request. Defendant further objects that the request is irrelevant. Defendant has admitted that it sent Plaintiff 'Interlocking Discovery' in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. Defendant also objects to disclosing those documents which are subject to attorney client privilege or work product. Defendant further objections [sic] to this request as it calls for information that is confidential or proprietary in nature. Defendant additionally objects to this discovery request as it is interposed for an improper purpose. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163, (10th Cir. N.M. 2010).

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant states that each attorney makes a reasoned thoughtful decision on how to handle each of their own assigned contested cases. There is not requirement from the firm that discovery be sent out on which case that is filed with the Minnesota Court system. Each attorney used their knowledge, experience and education in making a determination on what way each their [sic] files are handled. There are several files in which discovery is not sent on the files, and there are also several files in which discovery is sent depending on the nature of the file and the information that has been provided to us regarding that file.

INTERROGATORY NO. 6: Identify each filed case in state Court in Minnesota that has not yet been filed where Defendant has served "Interlocking Discovery" in the past 12 months.  Such identification should include the state court Defendant's name and address and the date that the "Interlocking Discovery" was served.

**OBJECTION**:   Defendant objects to Plaintiff's request as vague, overbroad, and unduly burdensome. In attempting to determine every case in which Defendant sent discovery over the past twelve months in case not yet filed, Defendant would incur a burden and

expense that significantly outweighs any benefit to Plaintiff. Furthermore, if the Courts [sic] were to determine that the discovery request is not subject to a protective order, Defendant requests that Plaintiff be subject to all fees and costs associated with answering such a request, including attorney time in gathering any and all information related to this request. Defendant further objects that the request is irrelevant. Defendant has admitted that it sent Plaintiff 'Interlocking Discovery' in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. Defendant also objects to disclosing those documents which are subject to attorney client privilege or work product. Defendant further objections [sic] to this request as it calls for information that is confidential or proprietary in nature. Defendant additionally objects to this discovery request as it is interposed for an improper purpose. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163, (10th Cir. N.M. 2010).

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant estimates that it has sent less than a hundred discovery requests over the past twelve (12) months on cases not yet filed with the Minnesota Court.  All requests for discovery were similar to the Discovery served in Plaintiff's case in that the interrogatories requests for production and requests for admission were sent in one document.

INTERROGATORY NO. 7: Identify each case in state Court in Minnesota that has not yet been filed where the Defendant has not served "Interlocking Discovery" in the past 12 months.  Such identification should include the state court Defendant's name and address and the date that the complaint was served.

**OBJECTION**:   Defendant objects to Plaintiff's request as vague, overbroad, and unduly burdensome. In attempting to determine every case in which Defendant did not send discovery over the past twelve (12) months, Defendant would incur a burden and expense that significantly outweighs any benefit to Plaintiff. Furthermore, if the Courts [sic] were to determine that the discovery request is not subject to a protective order, Defendant requests that Plaintiff be

subject to all fees and costs associated with answering such a request, including attorney time in gathering any and all information related to this request. Defendant further objects that the request is irrelevant. Defendant has admitted that it sent Plaintiff 'Interlocking Discovery' in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. Defendant also objects to disclosing those documents which are subject to attorney client privilege or work product. Defendant further objections [sic] to this request as it calls for information that is confidential or proprietary in nature. Defendant additionally objects to this discovery request as it is interposed for an improper purpose. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163, (10th Cir. N.M. 2010).

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant states that each attorney makes a reasoned thoughtful decision on how to handle each of their own assigned contested cases. There is not requirement from the firm that discovery be sent out on which case that is filed with the Minnesota Court system. Each attorney used their knowledge, experience and education in making a determination on what way each their [sic] files are handled. There are several files in which discovery is not sent on the files, and there are also several files in which discovery is sent depending on the nature of the file and the information that has been provided to us regarding that file.

Affidavit of Darren Brayer Schwiebert, Ex. G.

On May 12, 2017, Plaintiff sent an email to Mr. Weber, representing

Messerli, explaining that the unnumbered pages of Messerli's Interrogatory

Answers appeared to missing pages as a result of a copying error.  Affidavit

of Darren Brayer Schwiebert, Ex. B.  Mr. Weber's response requested

"objections" to Messerli's responses. *Id*. Messerli provided the previously

undisclosed page of their answers by email on June 2, 2017. Affidavit of Darren Brayer Schwiebert, Ex. H. During a phone call with Mr. Weber regarding scheduling this motion, Mr. Weber indicated a preference for Plaintiff to wait until it had received the additional documents to be produced by Defendants that had been withheld pending entry of a Protective Order.

By letter dated June 15, 2017, those documents were produced.  By letter attached to an email dated June 23, 2017, Plaintiff provided detailed objections to Messerli's responses to these interrogatories. Affidavit of Darren Brayer Schwiebert, Ex. I. No response has been received from Messerli.  Schwiebert Aff., ¶ 10.

### C. The Redacted Document Production.

During communication with Defendants' counsel regarding this motion, it was revealed that documents had been withheld by Defendants pending entry of a Protective Order in this case. The Protective Order was entered by this Court on June 12, 2017. Docket No. 39.

By letter dated June 15, 2017, additional documents were produced. The first part of the production included 83 pages of documents marked produced subject to the Protective Order. After those pages, there appears to be approximately 150 pages of heavily redacted documents that appear

to be publicly available documents with identifying information redacted with black boxes.  An example document is attached to the Affidavit of Darren Brayer Schwiebert, as Ex. J.  Unlike the previous 83 pages, there is no indication that this document is produced subject to the Protective Order, so this attachment is not being filed under seal.

## ARGUMENT

As Judge Montgomery explained in *Orduno v. Pietrzak*, "Federal Rule of Civil Procedure 26 is to be construed broadly and encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" 2016 U.S. Dist. LEXIS 138492, *7 (D. Minn. 2016) (quoting  *In re Milk Prods. Antitrust Litig.*, 84 F. Supp. 2d 1016, 1027 (D. Minn. 1997) and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ) ; *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Rule 26(b) . . . is liberal in scope and interpretation").

As explained by Judge Montgomery, Dakowa's burden is to establish a threshold showing of relevance:

> To ensure Rule 26(b) is not "misapplied so as to allow fishing expeditions in discovery," a party must make a "threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer*, 981 F.2d at 380. The threshold requirement of

discoverability is met if the information sought is "relevant to the subject matter involved in the pending action." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 589 (D. Minn. 1999) (quoting *Shelton v. Am. Motors*, 805 F.2d 1323, 1326 (8th Cir. 1986)). "[T]he standard of relevance in the context of discovery is broader than in the context of admissibility." *Hofer*, 981 F.2d at 380.

*Orduno*, * 7; *see also*, *Hodges v. Pfizer, Inc.*, 2016 U.S. Dist. LEXIS 40747, *5 (D. Minn 2016).[4]

This discovery at issue in this motion is unquestionably "relevant to the subject matter" involved in this case. Both Defendants answered the complaint, asserting a defense of "bona fide error." Docket No. 19 at 5, ¶ 28. ("Plaintiff's claims are barred by the bona fide error provisions of the FDCPA, 15 U.S.C. Section 1692k(c). Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as those alleged

---

[4] The 2015 Amendment to Rule 26(b)(1) relocated and slightly revised the proportionality language formerly located in subdivision (b)(2)(C)(iii). *Hodges,* *6 (citing Fed. R. Civ. P. 26 at advisory committee's note to 2015 amendment). In doing so, the amendment "restores the proportionality factors to their original place in defining the scope of discovery" but "does not change the existing responsibilities of the court and the parties to consider proportionality." *Id.*

in this case. Defendant has policies and procedures in place to review documents and to ensure that documents comply with all provisions of the FDCPA and current FDCPA case law.")

"The bona fide error defense exists as an exception to the strict liability imposed upon debt collectors by the FDCPA." *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).  The "bona fide error" defense, however, is limited.  For example, "reliance on the advice of counsel or a mistake about the law is not protected by" the bona fide error defense. *Hulshizer v. Global Credit Servs., Inc.*, 728 F.2d 1037, 1038 (8th Cir. 1984); *see also Picht*, 236 F.3d at 451 ("*Hulshizer* remains the law of this Circuit."). Moreover, as admitted in Defendants' answers the "bona fide error" must have resulted "notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as those alleged in this case." Docket No. 19 at 5, ¶ 28.

The complaint alleges that the use of the "interlocking discovery" is an intentional plan by Defendants to trick *pro* se consumers into admitting allegations that Defendants cannot establish or that are factually false. Docket No. 1, ¶¶ 19-21; 32.  In contrast, Defendants assert that the use of this discovery in the underlying case should have been avoided by

"maintenance of procedures reasonably adapted to avoid such error." Docket No. 19 at 5, ¶ 28.

Thus, the context in which similar "form" discovery has been served before and the frequency of such discovery is relevant to Defendants' affirmative defense of "bona fide error" – that its procedures and protocols are reasonably adapted to avoid the use of such discovery.

In addition, both Defendants also asserted that Plaintiff's claims are barred as not "material." Docket No. 19 at 6, ¶ 31. ("Any misstatement or misrepresentation allegedly made by Defendants or its agents was not material and therefore not actionable under the FDCPA."). "Materiality" does not appear in the text of the FDCPA. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3rd Cir. 2015). ("Jensen correctly argues that the word 'material' does not appear in the statute.") The Supreme Court has never adopted a materiality requirement and ***avoided*** any pronouncement regarding materiality in *Sheriff v. Gillie*, 136 S. Ct. 1594, f.n 6 (2016). There is conflicting Circuit Court authority on "materiality." *See e.g., Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.").

Presuming for the sake of this argument that "materiality" is a requirement of the FDCPA, the law is clear that such "materiality" is **_objective_** not **_subjective_**.  This distinction is explained by the Third Circuit in *Jensen v. Pressler & Pressler*, 791 F.3d 413 (3d Cir. 2015):

> The standard is an objective one, meaning that **_the specific plaintiff need not prove that she was actually confused or misled_**, only that the objective least sophisticated debtor would be. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) (**_"[T]he FDCPA does not require that a plaintiff actually be confused."_**) . . .

791 F.3d at 419 (emphasis added); *See also Woerthwein v. Midland Credit Mgmt.*, 2016 U.S. Dist. LEXIS 146624, *7 (N.D. Ill. 2016) ("It is **_irrelevant_** under the objective unsophisticated consumer standard whether the Plaintiff, who actually received a dunning letter, was truly misled or deceived.  **_It makes no difference whether or not the actual FDCPA Plaintiff was actually misled_**, only if the unsophisticated consumer would be misled.") (emphasis added).

Thus, how other consumers respond to the "form" discovery in dispute is relevant to the question of whether the violation is "material," under Defendants' theory of materiality.

### A.   MSW SHOULD BE ORDERED TO PROVIDE INTERROGATORY ANSWERS.

As set forth in the letter sent to MSW (Affidavit of Darren Brayer

Schwiebert, Ex. A), each of MSW's answers to Interrogatory Nos. 3-7 attempts to argue that MSW does not serve discovery. However, Minn. R. Civ. P. 33.01(a) provides that "Any ***party*** may serve written interrogatories upon any other party." (emphasis added). Thus, MSW's attempt to shift all responsibility to respond to discovery to its legal counsel fails. MSW, as a party, has undoubtedly served such discovery.

MSW should be required to provide responsive answers.

### B.    MESSERLI  SHOULD BE ORDERED TO PROVIDE INTERROGATORY ANSWERS.

As set forth in the letter sent to Messerli (Affidavit of Darren Brayer Schwiebert, Ex. G.), each of Messerli's objections and answers to Interrogatory Nos. 3-7 is inadequate and incomplete. The common objections are addressed below.

> ***1.*** *"Defendant objects to Plaintiff's request as vague, overbroad, and unduly burdensome."*

This is boilerplate language which is insufficient. *See Signature Dev., LLC v. Mid-Continent Cas. Co.*, 2012 U.S. Dist. LEXIS 132886, *20 - 21 (D.S.D. 2012) ("The articulation of mere conclusory objections that something is "overly broad, burdensome, or oppressive," is insufficient to carry the resisting party's burden—that party must make a specific showing of reasons why the relevant discovery should not be had."); *see also Kooima*

*v. Zacklift Intern. Inc.*, 209 F.R.D. 444, 446 (D.S.D. 2002) ("The party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how each question is overly broad, burdensome or oppressive.")

Messerli has failed to satisfy its burden to explain how each request is vague, overbroad or unduly burdensome in any way.

> **2.** *"Defendant cannot easily identify the exact number of cases over the last 10 years where the Plaintiff [sic] sent discovery, or in doing so Defendant would incur a burden and expense that significantly outweighs any benefit to the Plaintiff."*

The Federal Rules of Civil Procedure do not require that the Answer to an Interrogatory be "easily" identifiable. The information is unquestionably within Messerli's custody and control. Moreover, Messerli's answer to Interrogatory No. 1 states that "Messerli maintains policies and procedures directing that documents utilized by the firm be reviewed on an annual basis.  Messerli's attorneys annually review its forms to verify compliance with the rules and statutes governing its practice.  This includes a tracking of all changes made to documents and verifying attorney approval of all changes."  The requested information should be easily obtained from this alleged tracking of the use of the form.

Messerli asserts a *bona fide* error defense in this case.  This

Interrogatory seeks to establish that the use of the form is intentional, causes confusion, and is designed to cause confusion.

> **3.** *"Furthermore, if the Courts [sic] were to determine that the discovery request is not subject to a protective order Defendant requests that Plaintiff be subject to all fees and costs associated with answering such a request, including attorney time in gathering any and all information related to this request."*

The reference to a "protective order" is confusing as Messerli has not filed for one beyond the stipulated protective order regarding confidentiality.  Nonetheless, Messerli is a party to this litigation and has asserted a *bona fide* error defense in this case and this Interrogatory seeks information to disprove that defense.  "Under the rules of discovery, 'the presumption is that the responding party must bear the expense of complying with discovery requests.'" *Lindsay v. Clear Wireless LLC*, 2014 U.S. Dist. LEXIS 26698, *4 (D. Minn 2014) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)).[5]

Messerli cannot shift the cost of answering the Interrogatory to

---

[5] As Judge Doty explained in *Lindsay*, this type of fee shifting has generally been limited to production of emails that are no longer accessible. 2014 U.S. Dist. LEXIS 26698, * 4 ("It is worth emphasizing again that cost-shifting is potentially appropriate only when inaccessible data is sought.") (quoting *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 283-84 (S.D.N.Y. 2003).

Plaintiff, including trying to shift attorneys' fees.

> **4.** *"Defendant further objects that the request is irrelevant. Defendant has admitted that it sent Plaintiff 'Interlocking Discovery' in this case and any other discovery sent by Defendant on other cases is irrelevant to this action."*

Messerli is a party to this litigation and has asserted a *bona fide* error defense in this case and this Interrogatory seeks information to disprove that defense.  In particular, Messerli alleges that the "form" that was sent to Plaintiff is "reviewed on an annual basis . . . includ[ing] a tracking of all changes made to documents and verifying attorney approval of all changes."

Messerli also asserts that its violation of the FDCPA were not material.  To the extent that a "materiality" requirement exists in the FDCPA, it is **objective** and not **subjective**.  Thus, the response of other consumers to Messerli's form "Interlocking Discovery" is relevant to Messerli's defense under the theory of "materiality."

> **5.** *"Defendant also objects to disclosing those documents which are subject to attorney client privilege or work product."*

The Interrogatories seeks information about the service of "form" discovery on consumers in different contexts and information about those cases. No attorney client privilege or work product is implicated.  Any hypothetical privilege is waived when the document is served on the

opposing side.

> **6.** *"Defendant further objections [sic] to this request as it calls for information that is confidential or proprietary in nature."*

There is a stipulated Protective Order in this case.

> **7.** *"Defendant additionally objects to this discovery request as it is interposed for an improper purpose."*

No improper purpose exists or is alleged. Messerli is a party to this litigation and has asserted a bona fide error and lack of "materiality" defenses in this case. The Interrogatories seeks information to disprove those defenses.

> **8.** *". . . in which the discovery was interlocking in that the requests for admission, interrogatories, and request for production were sent in one document."*

This Interrogatories use the phrase "Interlocking Discovery" in quotes for a reason.  This Interrogatories are limited to the service (or lack of service) of a document with that title.

> **9.** *"over a thousand," "hundreds," "several."*

With the exception of Interrogatory No. 3, the Interrogatories do not seek a number, but rather specific relevant information regarding cases where the "Interlocking Discovery" has been used or avoided. Messerli's responses are incomplete and non-responsive.

**10.**   *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163, (10th Cir. N.M. 2010).

*Murphy* is an ERISA case out of the Tenth Circuit. *See Cox v. Ann (LNU),* 2014 U.S. Dist. LEXIS 26188, *18  (D. Ka. 2014) ("*Murphy*, however, discusses the limited circumstances and boundaries for discovery that apply specifically to ERISA cases. While its broad principles also apply to discovery in other litigation, the Court does not read Murphy to prohibit the discovery that Plaintiff here seeks.").

The applicable standard for this Court was explained by Judge Montgomery in *Orduno* and *Hodges*.

### C.   DEFENDANTS' REDACTIONS TO DOCUMENTS SHOULD BE REMOVED.

Defendants produced a number of documents after the Protective Order was entered by this Court which contain redactions.  No privilege log was provided with these redacted documents and most, if not all, of the documents appear to be publicly available documents.

Despite the protections of the Protective Order and the already public nature of the documents, Defendants have redacted information from the documents using black boxes. Presumably, Defendants' argument will be that such information is not relevant.

Courts facing this issue have looked with skepticism on a parties'

attempts to make redactions based solely on relevance. For example, in *In re Medeva Securities Litigation*, 1995 WL 943468, * 3 (C.D. Cal. 1995), a party  redacted portions of documents, asserting that the redacted portions contained information outside the relevant time period or involved companies not involved in the litigation. The court refused to permit such redaction, explaining as follows:

> The Court does not welcome the unilateral editing of documents by the producing party. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured. It also tends to make documents confusing or difficult to use. All too often, the practice results in litigation of collateral issues and in camera review of documents by the Court, with the result that the time of both counsel and the Court is wasted. These drawbacks ordinarily outweigh the minimal harm that may result from disclosure of some irrelevant material.

*Id.; see also Amoco Corp. v. Exxon Chemical Corp.,* 1987 WL 60204, *3 (N.D. Ga. 1987) (refusing to permit redactions of purportedly "irrelevant information"); *In re Atlantic Fin. Fed. Securities Litigation*, 1991 WL 153075 (E.D. Pa. 1991) (refusing to permit "relevancy" redactions because "relevancy is broadly construed for discovery purposes" and "plaintiffs have indicated the possibility of additional relevant information within the redacted documents").  The Court should do the same in this case.

## **CONCLUSION**

The information sought is "relevant to the subject matter involved in

the pending action." Defendants have failed to establish that the relevant

information should not be produced.  The Court should therefore grant the

Motion.

DATED: June 26, 2017

By:    /s Darren B. Schwiebert
      Darren Brayer Schwiebert (#260642)
      darren@dbslawmn.com
      DBS Law LLC
      301 Fourth Avenue South, Suite
      280NMinneapolis, MN 55415
      612.501.6008

      *Attorneys for Plaintiff*
      *Mahmoud Dakowa*