**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 16-CV-02753 (ADM/DTS)**

Mahmoud Dakowa,

                Plaintiff,

v.

MSW Capital, LLC, and
Messerli & Kramer, P.A.,

                Defendants.

**DEFENDANTS' MEMORANDUM
OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO
COMPEL DISCOVERY
RESPONSES**

## <u>INTRODUCTION</u>

Defendants MSW Capital, LLC, ("MSW") and Messerli & Kramer, P.A. ("Messerli") respectfully request that the Court deny Plaintiff's Motion to Compel because Plaintiff's requests are irrelevant to this case, production of the requested information would be unduly burdensome, and Plaintiff's requests are an improper use of discovery.

## <u>STATEMENT OF FACTS</u>

### I.    **Procedural Posture.**

The scope of this case is extremely narrow as Defendants' motion to dismiss was granted in part and denied in part.  The only remaining claim to

be determined is whether Dakowa was confused by the discovery served on him in the underlying collection case.[1] (Doc. 18.)

## II.   Discovery in this Case.

Upon receipt of Dakowa's discovery requests, Defendants responded to Dakowa's discovery requests on April 20, 2017.  Thereafter, on May 12, 2017, Defendants' counsel received an e-mail from Dakowa's counsel regarding perceived deficiencies in Defendants' discovery responses and requesting an in-person meeting.  (Weber Decl. ¶ 3.)  On May 15, 2017, Defendants' counsel acknowledged receipt of Dakowa's counsel's May 12, 2017 correspondence via e-mail and proposed a telephone conference to avoid unnecessary legal expense.  (*Id.*)  In the May 15, 2017 e-mail, Defendants' counsel also requested a list of the objections to Defendants' discovery responses be provided by Dakowa's counsel prior to a meeting.[2]  (*Id.*)  A list was never provided.  A telephone conference occurred on June 6, 2017, regarding Dakowa's motion to amend his Complaint.

Nearly six weeks after the initial discovery dispute, on Friday afternoon, June 23, 2017, Dakowa's counsel served Defendants' counsel a

---

[1] Dakowa has testified that he never received the discovery and cannot recall seeing it.  (Weber Dec. ¶ 3, incorporating attached Ex. A.)
[2] Dakowa's attorney mischaracterizes Defendants' request as a demand for formal written objections to Defendants' discovery responses. Nothing of the sort was demanded.  Rather, a call to discuss resolving issues is more productive if a list of the objections is provided prior to the discussion.

lengthy thirteen (13) page letter highlighting forty-three (43) separate objections to Defendants' discovery responses.  (Weber Decl. ¶ 7, incorporating attached Ex. E.)  The letter was served on Defendants' counsel by e-mail.  (*Id.*)  In the June 23, 2017 letter, Plaintiff's counsel demanded a meeting on Monday June 26, 2017 to discuss Plaintiff's objections and also threatened to bring a Motion to Compel discovery responses.  (*Id.*)  Plaintiff never met and conferred with Defendant regarding its discovery dispute.  Instead, Plaintiff unexpectedly served his Motion to Compel on Monday, June 26, 2017.

On June 28, 2017, Defendants' counsel sent a responsive letter to Plaintiff's counsel via e-mail, requesting Plaintiff's counsel postpone the scheduled Motion to Compel until Defendants' counsel had a full and fair opportunity to review Plaintiff's objections and respond.  (Weber Decl. ¶ 5.)  On June 29, 2017, Plaintiff's counsel served a letter on Defendants' counsel via e-mail proposing a meeting on June 29, 2017 or June 30, 2017.  (Weber Decl. ¶ 6.)  Defendants' counsel replied via e-mail on June 29, 2017 proposing a meeting on July 6, 2017 or July 7, 2017.  (*Id.*)  At the time of the filing of this Opposition Memorandum, Plaintiff's counsel has not met and conferred with Defendants' counsel regarding its discovery dispute outside of written correspondence.

# **ARGUMENT**

## I.   **Legal Standard.**

The Federal Rules of Civil Procedure allow a party to discover any nonprivileged matters which are relevant to the subject matter of any claim or defense at issue.  Fed. R. Civ. P. 26(b)(1).  "The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  "A party is allowed to fully explore the facts so as to permit a reasoned, informed presentation of its proof at trial."  *In re Control Data Corp. Sec. Litig.*, No. 3-85-1241, 1988 WL 92085, at *2 (D. Minn. Feb. 22, 1988).  "The party resisting discovery 'has the burden of clarifying, explaining and supporting its objections.'"  *Hite v. Peters*, No. Civ. A. 07-4492, 2009 WL 1478860, at *3 (D.N.J. June 19, 2009) (citation omitted).  Once the party resisting discovery meets this requirement, however, the burden is placed on the proponent of the discovery to request to show that the information sought is relevant.  *Id.*

## II.   **Plaintiff's Discovery Requests Seek Irrelevant Information, Are Unduly Burdensome, and Are An Improper Use of Discovery.**

As required by Local Rule 37.1(c), for purposes of this Memorandum, the full text of the interrogatories at will be reproduced below.  The list of the following Interrogatories with accompanying summaries is provided to the

Court at the outset of this Memorandum to provide a concise overview of

Dakowa's Interrogatory Requests that are at issue before the Court:

**Interrogatory #3**: Total number of times Defendant served "Interlocking Discovery" for the past 10 years.

**Interrogatory #4**: Each case filed in the past 12 months where Defendant served "Interlocking Discovery".

**Interrogatory #5**: Each case filed in the past 12 months where Defendant has not served "Interlocking Discovery" (excluding defaults.)

**Interrogatory #6**: Each case not filed in the past 12 months where Defendant served "Interlocking Discovery" (with consumer's name and address.)

**Interrogatory #7**: Each case not filed in the past 12 months where Defendant has not served "Interlocking Discovery" (excluding defaults) (with consumer's name and address.)

When considering discovery disputes, Courts have been charged with

the responsibility of exercising discretion to account for "several factors that

will militate against broad discovery." *Murphy v. Deloitte & Touche Group*

*Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. N.M. 2010); *see also Crawford-El v.*

*Britton,* 523 U.S. 574, 598 (1998) (holding that "Rule 26 vests the trial judge

with broad discretion to tailor discovery narrowly.")

## A. Plaintiff Has Failed to Show How the Information Sought is Relevant.

Because Defendants have clarified and explained their objections to Dakowa's discovery requests, both in responses and in written correspondence, (Weber Decl. ¶ 8, incorporating attached Ex. F),  it is Dakowa's burden to show that the information sought in Dakowa's discovery requests, specifically Interrogatories 3 – 7 is relevant.  *Hite* at *3.  Dakowa has failed to meet this burden.  This case is limited to the discovery served in one case: *MSW Capital, LLC v. Mahmoud Dakowa¸* Anoka County District Court, File No. 02-CV-16-128 ("Underlying Collection Case.")  Accordingly, discovery served in other cases by other creditors is irrelevant.

**1.    The Number of Times Discovery Was Served by Defendant Messerli in Unrelated Lawsuits is Irrelevant.**

Dakowa has demanded identical information from both Defendants in this matter by serving identical interrogatories on both MSW and Messerli. Dakowa's requests for responses from Defendant MSW are misguided as the information requested is not within Defendant MSW's custody and control.[3]

---

[3] While Dakowa asserts that "any **party** may serve written interrogatories", Defendant Messerli is not a party to the underlying state court collection litigation.  (Weber Decl. ¶ 6, incorporating attached Ex. D.)  Defendant MSW explained in correspondence to Dakowa's attorney on June 9, 2017 that because it is not a law firm, it cannot and does not draft and serve discovery. (*Id.*) The service of discovery is done through its counsel, Messerli, as required by law.  (*Id.*)  As such, Defendants' counsel requested that Dakowa dismiss Defendant Messerli from this case immediately.  (*Id.*)  Dakowa's attorney did not respond to this request.

Accordingly, this memorandum will focus exclusively on Defendant Messerli's objections and responses to Dakowa's discovery requests.

Dakowa seeks to compel Defendant Messerli to produce the number of times "Interlocking Discovery" has been served in the last ten (10) years, seemingly arguing that this somehow is relevant to the remaining claim as well as Defendant Messerli's *bona fide error* defense.  However, this argument is misguided, as discovery served in other unrelated cases has no bearing on whether Defendant Messerli employed the use of procedures reasonably adapted to avoid error in this case before the Court.

Defendant Messerli has sufficiently explained, clarified and supported its objections to the following interrogatories regarding the number of times discovery has been served in other collection cases:

> **Interrogatory No. 3:** Identify the number of times that Defendant has served "Interlocking Discovery" in Minnesota state court in the last 10 years.
>
> **OBJECTION**: Defendant objects to Plaintiff's request as vague, overbroad, and unduly burdensome. Defendant cannot easily identify the exact number of cases over the last 10 years where the Plaintiff sent discovery, or in doing do Defendant would incur a burden and expense that significantly outweighs any benefit to the Plaintiff. . . . Defendant further objects that the request is irrelevant**.** Defendant has admitted that it sent Plaintiff "Interlocking Discovery" in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. . . . Defendant additionally objects to this discovery request as it is interposed for an improper purpose. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. N.M. 2010.)

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant estimates that it has sent over a thousand discovery requests in which the discovery was interlocking in that the requests for admission, interrogatories and requests for production were sent in one document. Over the course of these years, a plethora of judges have reviewed Defendant's discovery and either granted judgment or compelled discovery based upon it – conclusively establishing that the discovery sent by Defendant was not confusing or misleading. Over the past ten (10) years of using discovery similar to the discovery in this case and while sending discovery on over a thousand cases, Defendant has never received any order, comment or suggestion from the judiciary nor opposing counsel that discovery used by our office was confusing or misleading.  Judge Jasper's Order in Plaintiff's underlying collection case ruled that Dakowa's allegation that he was confused had to be accepted as true for the purposes of the motion before the court, but did not rule that it was actually confusing.

The number of times Defendant Messerli has served Interlocking

Discovery in the past ten (10) years is not relevant to Defendants' *bona fide*

*error* defense, nor is it relevant to whether Plaintiff was confused by the

discovery that was served on him in the underlying collection case.

Defendants' *bona fide error* defense in this case does not require analysis of

hundreds of discovery documents in unrelated collection cases.  To the

contrary, it only requires an analysis of the procedures reasonably adopted to

avoid errors in the case before the Court.  *See, e.g., Johnson v. Equifax Risk*

*Mgmt. Servs.,* 2004 U.S. Dist. LEXIS 4245, at *9 (S.D.N.Y. Mar. 17, 2004).

As stated in Defendant Messerli's response to Interrogatory No. 3, over the

past ten (10) years of using discovery similar to the discovery in this case and

while sending discovery on over a thousand cases, Defendant "has never received any order, comment or suggestion from the judiciary nor opposing counsel that discovery used by our office was confusing or misleading." (*See* Def. Messerli's Resp. to Interrog. No. 3.)  Analysis of the number cases where discovery has been served in unrelated collection litigation is unnecessary, irrelevant and unduly burdensome.

**Interrogatory No. 4:** Identify each filed case in state court in Minnesota that Defendant has served "Interlocking Discovery" in the past 12 months.  Such identification should include the file number and date that the "Interlocking Discovery" was served.

**OBJECTION:** Defendant objects to Plaintiff's request as vague, overbroad and unduly burdensome.  In attempting to determine every case in which Defendant sent discovery over the past twelve months, Defendant would incur a burden and expense that significantly outweighs any benefit to Plaintiff. . . . Defendant further objects that the request is irrelevant.  Defendant has admitted that it sent Plaintiff "Interlocking Discovery" in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. . . . "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. N.M. 2010.)

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant estimates that it has sent out hundreds of discovery requests over the past twelve (12) months.  All requests for discovery served were similar to the Discovery served in Plaintiff's case in that the interrogatories, requests for production and requests for admission were sent in one document.  Over that time summary judgment has been granted by the courts on numerous occasions, on the basis of our discovery documents.  Thereby, the courts have conclusively established multiple times that Defendant's discovery was not confusing or misleading over the last twelve months.

Dakowa attaches and references a state court Order from a distinguishable collection case seeking to prove that the information sought in Interrogatory No. 4 is relevant and that the discovery served by Defendant in other cases is confusing and misleading.  (*See* Aff. of Darren B. Schwiebert, incorporating attached Ex. E., Dakowa 0101-0106.)  However, the Order is not on point with the facts of this case.  In the Order referenced in Dakowa's memorandum, the material fact issue identified by Judge Jasper was not that the discovery was confusing or misleading, but that there was a material fact issue pertaining to the alleged chain of title for the debt.  (*Id.*)  In summary, despite Dakowa's attempts to argue to the contrary, identification of all cases where discovery was served in the past twelve (12) months is not relevant to whether Dakowa was confused or misled in the underlying collection case.

> **Interrogatory No. 5:** Identify each case filed in state court in Minnesota that in the past 12 months that has not resulted in a default judgment and where Defendant has not served "Interlocking Discovery." Such identification should include the file number.

> **OBJECTION**: Defendant objects to Plaintiff's request as vague, overbroad and unduly burdensome.  In attempting to determine every case in which Defendant sent discovery over the past twelve months, Defendant would incur a burden and expense that significantly outweighs any benefit to Plaintiff. . . . Defendant further objects that the request is irrelevant.  Defendant has admitted that it sent Plaintiff "Interlocking Discovery" in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. . . . "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. N.M. 2010.)

**RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant states that each attorney makes a reasoned thoughtful decision on how to handle each of their own assigned contested cases. There is not a requirement from the firm that discovery be sent out on which case that is filed with the Minnesota Court system. Each attorney used their knowledge, experience and education in making a determination on what way each their files are handled. There are several files in which discovery is not sent on the files, and there are also several files in which discovery is sent depending on the nature of the file and the information that has been provided to us regarding that file.

Dakowa has failed to show how the identification of unrelated cases not resulting in default judgment and where discovery was not served are relevant to this case.  As stated in Defendant's response to Interrogatory No. 5, and in the June 28, 2017 correspondence from Defendants' counsel to Dakowa's attorney, each contested case takes a unique path depending on the circumstances of the case and the nature of the file.  (Weber Decl. ¶ 8, incorporating attached Ex. F.)  Defendants' counsel has explained and sufficiently supported its objections through its objections and responses to Dakowa's discovery, and additionally, through written correspondence to Dakowa's attorney.

2.      **Personal Identifying Information of Unrelated State Court Defendants is Not Relevant.**

Dakowa has failed to demonstrate how personal identifying information of state court defendants in unrelated collection litigation is relevant to determining whether Plaintiff was confused or misled by the

11

discovery served upon him in the underlying collection case.  Alarmingly,

Plaintiff's request for unredacted documentation may be fairly construed as a

demand for information to file new cases.   Dakowa has made requests for

personal identifying information of potential plaintiffs in the following

interrogatories:

> **Interrogatory No. 6:** Identify each filed case in state Court in
> Minnesota that has not yet been filed where Defendant has served
> "Interlocking Discovery" in the past 12 months.  Such identification
> should include the ***state court Defendant's name and address*** and
> the date that the "Interlocking Discovery" was served. [emphasis
> added.]
>
> **OBJECTION**: Defendant objects to Plaintiff's request as vague,
> overbroad and unduly burdensome.  In attempting to determine every
> case in which Defendant sent discovery over the past twelve months in
> case not yet filed, Defendant would incur a burden and expense that
> significantly outweighs any benefit to Plaintiff. . . . Defendant further
> objects that the request is irrelevant.  Defendant has admitted that it
> sent Plaintiff "Interlocking Discovery" in this case, and any other
> discovery sent by Defendant on other cases is irrelevant to this action. .
> . . "Rule 26(b), although broad, has never been a license to engage in an
> unwieldy, burdensome, and speculative fishing expedition. *Murphy v.
> Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. N.M.
> 2010.)
>
> **RESPONSE**: Notwithstanding the above discovery objection,
> and in an effort to cooperate in good faith with Plaintiff's
> discovery, Defendant estimate that it has sent less than a
> hundred discovery requests over the past twelve (12) months on
> cases not yet filed with the Minnesota court.  All requests for
> discovery were similar to the Discovery served in Plaintiff's case
> in that the interrogatories requests for production and requests
> for admission were sent in one document.

The name and address of state court consumers is irrelevant to whether Plaintiff was confused by the discovery served on him in the underlying collection litigation.   The same information is sought in Interrogatory No. 7:

> **Interrogatory No. 7:** Identify each case in state Court in Minnesota that has not yet been filed where the Defendant has not served "Interlocking Discovery" in the past 12 months.  Such identification should include the ***state court Defendant's name and address and the date that the complaint was served.*** [emphasis added.]
>
> **OBJECTION:** Defendant objects to Plaintiff's request as vague, overbroad and unduly burdensome.  In attempting to determine every case in which Defendant sent discovery over the past twelve months in case not yet filed, Defendant would incur a burden and expense that significantly outweighs any benefit to Plaintiff. . . . Defendant further objects that the request is irrelevant.  Defendant has admitted that it sent Plaintiff "Interlocking Discovery" in this case, and any other discovery sent by Defendant on other cases is irrelevant to this action. . . . "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition. *Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. N.M. 2010.)
>
> **RESPONSE:** Notwithstanding the above discovery objection, and in an effort to cooperate in good faith with Plaintiff's discovery, Defendant states that each attorney makes a reasoned thoughtful decision on how to handle each of their own assigned contested cases. There is not a requirement from the firm that discovery be sent out on which case that is filed with the Minnesota Court system. Each attorney used their knowledge, experience and education in making a determination on what way each their files are handled. There are several files in which discovery is not sent on the files, and there are also several files in which discovery is sent depending on the nature of the file and the information that has been provided to us regarding that file.

Interrogatories 6 and 7 seek irrelevant information because whether Dakowa was confused by the discovery served upon him in the underlying collection case is completely unrelated to the name and address of state court Defendants who are involved in collection litigation.

Further, the FDCPA, the statute that Dakowa uses to create his claim, prohibits the disclosures of the debt to third parties. 15 U.S.C. § 1692c(b). Certainly, for unfiled non-public cases, Defendants are prohibited from disclosing even the existence of a debt, let alone names, addresses, and dates. Furthermore, although some of the cases have been filed with the Court, (discovery is not required for a case to be filed) the fact that a consumer has a debt, and his/her addresses, are not generally public information.

When considering relevance, trial courts hold broad discretion to determine the proper scope of discovery. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998.) In the FDCPA context, Courts have held that while a plaintiff "should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Davis v. Creditors Interchange Receivable Mgmt., LLC,* 585 F. Supp. 2d 968, 970 (N.D. Ohio Nov. 12, 2008)(quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007) and *Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588,

592 (5th Cir. 1978)).  Here, the information Dakowa is requesting in

Interrogatories 3 – 7 is not necessary to establish his claim.  Additionally,

Courts have awarded attorneys' fees and costs in FDCPA cases where a

motion to compel is denied and the information at issue is determined to not

be relevant to the case.  *See, e.g., United States v. Jaeger,* 2009 U.S. Dist.

LEXIS 102497, *4-5 (D. Conn. Nov. 3, 2009) (holding that, when relevant

information had been previously provided, none of the information sought by

defendant in his motions to compel was relevant or material to the case and

was therefore not discoverable.)

### B. Plaintiff's Discovery Requests Are Unduly Burdensome and Should be Denied.

Federal Rules of Civil Procedure 26(b)(1) provides that discovery must

be "proportional to the needs of the case, considering the importance of . . .

the amount in controversy . . . the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit."  Fed. R. Civ. Pro. 26(b)(1).  Courts have

encouraged reasonable restrictions on discovery: "Rule 26(b), although broad,

has never been a license to engage in an unwieldy, burdensome and

speculative fishing expedition."  *Murphy* at 1163.  In cases where a clear

showing that compliance with a discovery request would be unduly

burdensome, Courts have tailored discovery appropriately to conform with

the facts of the case.  In *Surles v. Greyhound Lines, Inc.*, the United States

Court of Appeals for the 6th Circuit upheld the District Court's determination

that Plaintiff's discovery request was overly broad when Plaintiff moved to

compel production of incident reports for twenty years predating the violent

incident at hand.  *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 306, 2007

U.S. App. LEXIS 1005).  In *Surles,* the Court issued its decision in part on

the basis that Defendant's search of four years of similar documentation,

which Defendant had previously produced, took two weeks and involved over

180 hours of labor.  *Id.*  In its analysis, the Court concluded that because the

production of documents Plaintiff requested would entail significant added

cost and labor, including review of 6,542 files, 2, 181 hours of labor, added

cost of $44,238.33, and review 1,585 "unknown" files, Plaintiff's request was

unduly burdensome.  *Id.*  The Court also quashed Plaintiff's request for

"[u]nusual occurrence reports . . . or other incident reports" on the basis that

the requested reports were not relevant to the incident at hand.  *Id.*

Dakowa cites *Orduno v. Pietrzak* to argue in favor of a liberal

application of Fed. R. Civ. Pro. 26.  *Orduno v. Pietrzak*, 2016 U.S. Dist.

LEXIS 138492, *7 (D. Minn. 2016.)  However, the scope of discovery in

*Orduno* was significantly narrower than the scope of discovery requested in

this matter.  In *Orduno*, the District Court overruled Defendant's objection to

the Court's Discovery Order, emphasizing that discovery is required to be

proportional to the needs of the case, *Orduno* at *8.  The Court specifically

noted that the Court's Discovery Order had narrowed Plaintiff's discovery

request from investigating the accesses of driving records of 5,747 individuals

to 200 individuals before it was challenged at the District Court level.

*Orduno* at *10.  Further, the Court noted that over 20% of the requested data

accesses were tied to the same individual, *Orduno* at *12, and that nearly

half of the total accesses were pertaining to individuals belonging to members

of the same family group.  *Orduno* at FN 4.  Given the narrow scope of

discovery, Judge Montgomery upheld that the Discovery Order was not

overly burdensome, given the narrow scope and "repetitive nature" of much of

the information requested.  *Id.* at *12.

Here, the information sought by Dakowa is incredibly expansive and is

not at all repetitive.  Dakowa's interrogatories 3 – 7 seek the identification of

thousands of state court cases where discovery was or was not served on state

court defendants, as well as personal identifying information of unrelated

state court defendants.  Similar to the facts in *Surles*, the information

requested by Dakowa is not only irrelevant to this case but would be unduly

burdensome for Defendant Messerli to produce as it would require hundreds

of hours of review of each individual case to determine whether discovery was

served and, if so, whether a responses was received.  Defendants' counsel

provided an explanation of the burden and expense that would be incurred by

seeking this information in its discovery responses and in correspondence to Plaintiff's counsel on June 28, 2017. (Weber Decl. ¶ 8.)   In the June 28, 2017 letter, Defendants' counsel explained that there are numerous scenarios in which discovery may be prepared and served in state court collection litigation, and the complexity of the possible scenarios necessitates the manual review of hundreds of files.  (*Id.*)  A manual review of cases where counsel independently exercised discretion for each case for the past twelve (12) months in accordance with knowledge, experience and education, would be an undue burden on Defendant and it would not be proportional to the needs of this case, which is to determine solely whether Plaintiff was confused by the discovery that was served on him in the underlying collection case.  If the Court were to compel a search for this information, it would necessitate a "burdensome and speculative fishing expedition," *Murphy* at 1163, and should be disallowed.

### C. Plaintiff's Motion to Compel is an Improper Use of Discovery.

Circumstances surrounding Plaintiff's objections to Defendants' discovery responses suggest that Plaintiff is on a fishing expedition to seek detailed, personal information of consumers involved in collection litigation that is not related to or relevant to this case.  Pointedly, Plaintiff's counsel is requesting 150 pages of unredacted documents, which if provided, would turn over personal identifying information for consumers who are involved in

collection litigation in hundreds, if not thousands, of unrelated cases.  *See*

Pl.'s Mot. To Compel at 22.

In support of Defendants' position that this information is being sought

for an improper purpose, Plaintiff's counsel has filed three additional

lawsuits in this District within the past three (3) months, alleging identical

claims[4].  The circumstances surrounding the filing of these lawsuits,

including the timing when they have been filed, and the attempts by

Plaintiff's counsel to gather personal identifying information from

Defendants involved in collection litigation in other matters where Discovery

was served, suggests that Plaintiff may be fishing for additional similarly

situated defendants.

In conclusion, because Defendants properly responded to Plaintiff's

discovery, and have supported and explained their objections, Plaintiff has

not met his burden to show that the requested information is relevant.  Even

if the requested information is determined to be relevant to this action, the

discovery requests are unduly burdensome and made for an improper

purpose, and should be denied.

---

[4] The three lawsuits recently filed by Plaintiff's counsel alleging identical claims are: *Janet Egge v. Midland Funding LLC*, 17-cv-01287; *Robert Horn v. Midland Funding LLC*, 17-cv-00852; and *Doug Thompson v. Midland Funding LLC*, 17-cv-00884.  After initially being filed separately, all three cases were spontaneously reassigned by the Court to Judge Wilhelmina Wright.

## CONCLUSION

This is a narrow case limited to the sole issue of whether Plaintiff was confused by the discovery served upon him in the underlying collection case. Because Plaintiff's discovery requests are irrelevant to the case before the Court, acquiring them would be unduly burdensome, and they are being asserted for an improper purpose, Defendant respectfully requests that the Court deny Plaintiff's Motion.

Dated: July 3, 2017                **MESSERLI & KRAMER, P.A.**

By:/s/ Derrick N. Weber
Derrick N. Weber, #241623
Stephanie S. Lamphere, #396794
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Telephone: (763) 548-7900
Facsimile: (763) 548-7922
ATTORNEYS FOR DEFENDANTS